

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2005

# USA v. Brame

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2345

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Brame" (2005). *2005 Decisions.* Paper 811.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/811

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 04-2345

————

UNITED STATES OF AMERICA

Appellee

v.

CHESTER BRAME

Appellant

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. CR. 03-383-01)
District Judge: The Honorable Timothy J. Savage

————

Submitted Under Third Circuit LAR 34.1(a)
Date: July 14, 2005

Before: ALITO, VAN ANTWERPEN and ALDISERT, Circuit Judges

(Filed: July 20, 2005)

————

OPINION OF THE COURT

————

1

PER CURIAM.

This appeal by Chester Brame presents two issues for decision: whether the

District Court for the Eastern District of Pennsylvania erred in: (1) interpreting the United

States Sentencing Guidelines; and (2) failing to apply the teachings of Blakely v.

Washington, 542 U.S. ---, 124 S. Ct. 2531 (2004) as refined by United States v. Booker,

543 U.S. ---, 125 S. Ct. 738 (2005). We will vacate the sentence and remand for re-

sentencing.

I.

Because we write only for the parties, who are familiar with the facts, procedural

history and contentions presented, we will not recite them except as necessary to the

discussion.

II.

Brame sold to an undercover agent approximately 39 oxycodone tablets. Over the

next few weeks, Brame made three additional oxycodone sales of increasing volumes to

the agent. Finally, on May 15, 2003, Brame was arrested when he arrived to make a fifth

sale to the agent, and almost 600 tablets containing oxycodone were recovered from

Brame's automobile. Brame pleaded guilty to four counts of distribution and one count of

possession with intent to distribute tablets containing oxycodone.

Some of the oxycodone tablets involved in the transactions described above were

identified by the brand name "OxyContin;" the rest were either "Percocet," "Roxicet," or

2

"Endocet." Brame distributed a total of 844 Percocet tablets and 286 OxyContin tablets. The total weight and amount of oxycodone for each tablet is significant because the 2002 and 2003 editions of the Sentencing Guidelines utilize different methods to calculate drug quantity for oxycodone. The 2003 Guidelines changed the calculation that was previously based on the total weight of a tablet containing oxycodone.

Prior to sentencing, Brame filed a motion for downward departure on the basis that "Percocet (oxycodone), a Schedule II drug, should be treated as a Schedule III drug, such as hydrocodone." He argued that because hydrocodone and oxycodone were chemically similar, Percocet (which contains less than 15 mg of oxycodone, specifically, 5 mg) should likewise be treated as a Schedule III substance. Brame asserted that this would reduce his offense level to 18 under the 2002 Guidelines.

Nevertheless, at his sentencing hearing, Brame asked the District Court to consider his downward departure motion while applying the 2003 Guidelines. Accepting this invitation, the District Court thereafter declined Brame's request to treat Percocet in the same manner as hydrocodone, concluding that the Sentencing Commission had adequately considered the treatment of Percocet. Brame's motion for a downward departure was denied and the Court sentenced him to 57 months imprisonment, the bottom of the applicable guideline range of 57 to 71 months.

The foregoing indicates that the only issues before us call for a review of the District Court's interpretation of the Sentencing Guidelines. In essence, Appellant has

challenged his sentence under <u>United States v. Booker</u>, 543 U.S. ---, 125 S. Ct. 738 (2005). Having determined that the sentencing issues Brame raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with <u>Booker</u>.